IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC. and ALEJANDRO DURAN, | : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 1:10-CV-1555-RWS |
| v. | : : |
| ALL RISKS, LTD, | : : |
| Defendant. | : : |

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Remand [6], Defendant's Motion for Leave to Supplement its Response to Plaintiffs' Motion to Remand [12], and Defendant's Request for Evidentiary Hearing or, in the alternative, for Oral Argument [14]. After considering the record, the Court enters the following Order.

### **Background**

Plaintiff Duran was employed by All Risks ("AR") beginning in October 2005 as a Vice President with responsibility as a wholesale insurance broker/producer. (Dkt. [1] at ¶ 5, p. 7 of 13). While employed by AR, Duran

AO 72A
(Rev.8/82)

executed a Brokerage Agreement (the "Agreement") which contains a section entitled "RESTRICTIVE COVENANTS: NON-SOLICITATION" (the "Restrictive Covenant") purporting to restrict Duran's conduct after the termination of his employment with AR. (Id. at ¶¶ 6-7, p. 7 of 13). Among other things, the Restrictive Covenant seeks to restrict Duran from soliciting "Known Insureds" or "Known Retail Agents or Retail Agencies" with whom Duran did business while an employee of AR. (Id. at ¶ 8, p. 7-9 of 13). On April 23, 2010, Duran resigned his employment with AR and accepted an offer to work for Plaintiff Crump. (Id. at ¶¶ 11-12, p. 10 of 13). Plaintiffs do not believe that the Restrictive Covenant is enforceable under Georgia law and filed a Petition for Declaratory Judgment (the "Declaratory Judgment Action") in the Superior Court of Fulton County, Georgia on April 23, 2010 to determine its enforceability.

On May 21, 2010, Defendant filed a Notice of Removal, removing the Declaratory Judgment Action to this Court. Defendant alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Id. at ¶ 8, at 3 of 13). Defendant alleges that "Duran is a former employee of Defendant who received compensation in excess of $1,000,000 per year," and if he prevails in the Declaratory Judgment Action "the contractual impediments preventing

2

Plaintiffs from soliciting business from Defendants's valued and valuable customers would be eliminated," and thus the value of the right sought to be enforced is in excess of $75,000.  (Id.).

The Declaratory Judgment Action is not the only action between Crump and All Risks arising out of Crump's employment of former AR employees. On April 27, 2010, Crump along with its employees Carl Feldhaus and Jordan Yoss, formerly employed by AR, filed a second Petition for Declaratory Judgment against All Risks in the Superior Court of Fulton County, Georgia. (Dkt. [12-1] at 16 of 36).  On May 25, 2010, AR removed that action to this Court.  (Id.).  On May 13, 2010, AR filed an action against Crump, Duran, Feldhaus, and Yoss in the Circuit Court of Maryland for Baltimore County (the "Maryland Action").  (Dkt. [13-1]).  In the Maryland Action, AR seeks injunctive relief to prevent the individual defendants in that action from soliciting the clients it previously worked with at AR.  (Id. at 12).  AR also alleges breach of contract against the individual defendants for violating restrictive covenants contained within employment documents (Count II), tortious interference with existing and prospective contractual business relationships against all defendants (Count III), and tortious interference with contractual relationship with individual defendants against Crump (Count IV).

3

(Id. at ¶¶ 51-64). AR alleges that the damages for each of Counts II-IV in the Maryland Action exceed $100,000. (Id. at 13, 14, 15). The Maryland Action was later removed to the United States District Court for the District of Maryland.

## Discussion

As an initial matter, Defendant's Motion for Leave to Supplement its Response to Plaintiffs' Motion to Remand [12] is **GRANTED**. The Court has considered Defendant's Supplemental Response in reaching its decision on Plaintiffs' Motion to Remand [6].

A defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). The district court may exercise original jurisdiction where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). In the present case, the parties do not dispute that they are citizens of different states; the only question is whether the amount in controversy has been satisfied.

When determining subject matter jurisdiction, a court must construe the removal statute narrowly and resolve any uncertainties in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Further, the

4

party seeking removal bears the burden of establishing federal jurisdiction. Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). The burden a defendant must satisfy depends upon whether the plaintiff specified the amount of damages in the complaint. When the plaintiff has specified the amount of damages in the complaint, the removing party must show to a legal certainty that the plaintiff's claim exceeds the jurisdictional amount. Burns, 31 F.3d at 1095. When a plaintiff makes an unspecified claim for damages, a removing defendant has a lesser burden and must establish damages by a preponderance of the evidence. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), rev'd on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076-77 (11th Cir. 2001). The Eleventh Circuit has stated:

> When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective . . . . In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.

Cohen, 204 F.3d at 1077. A federal court cannot find that it has subject matter jurisdiction if the benefit a plaintiff could receive is "too speculative and immeasurable to satisfy the amount in controversy requirement." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).

5

> To determine the amount in controversy
>
> the court considers the document received by the defendants from the plaintiff – be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction . . . . In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents.  If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings . . . . The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

Lowery v. Ala. Power Co., 483 F.3d 1184, 1213-1215 (11th Cir. 2007).  The Declaratory Judgment Action does not make a demand for monetary damages, but rather seeks only declaratory relief.  The Notice of Removal notes Duran's previous compensation while working for AR and makes a conclusory statement that the amount in controversy exceeds $75,000.  First, the amount of Duran's previous compensation is not the relevant inquiry in determining "the monetary value of the benefit that would flow to the plaintiff" by a declaration that the Restrictive Covenant is not enforceable.  Cohen, 204 F.3d at 1077.  Second, the Court cannot simply accept Defendant's conclusory statement that the amount in controversy has been met as proof that this Court has subject

6

matter jurisdiction over this action.  Because neither the Complaint nor the Notice of Removal are helpful in determining whether the amount-in-controversy requirement has been met, the Court may consider post-removal evidence.

Defendants assert in their Response to the Motion to Remand [10] that Duran serviced 17 of All Risks' customers and those customers presently account for over $1,000,000 in revenue annually for All Risks, and accounted for $350,000 in compensation annually for Duran.  (Dkt. [10] at 2).  While that may be true, this is not proof that the value to Duran of a declaration that the Restrictive Covenant is unenforceable exceeds $75,000.  This is particularly true when the Restrictive Covenant allowed Duran to exempt six customers of his choosing from the non-solicitation provision and solicit them at will.  When Duran terminated his employment with AR, he "chose the six most lucrative customers to exempt from the non-solicitation provision," and "estimate[s] that the six selected customers account for most, if not all, of the revenue and compensation earned by [Duran] while working for All Risks."  (Dkt. [11-1] at ¶ 3).  Defendant has not rebutted this assertion.

Defendants argue that "[i]f the court adopts Plaintiffs' argument that All Risks' evidence is speculative, then defendants would never be able to remove a

7

declaratory judgment action to federal court where the plaintiff omits an amount in controversy from the complaint." (Dkt. [10] at 7 n.1). This is not the case.[1] AR has specified the amount of revenue it derived from the 17 clients serviced by Duran and the amount of compensation Duran received for servicing those clients. However, AR has not presented any evidence, all of which is arguably within its control, to demonstrate that the value to Plaintiffs of the 11 clients not exempted from the non-solicitation agreement exceeds $75,0000.

Defendant, in its Supplemental Response [12-1], draws the Court's attention to Crump's Motion to Dismiss or, in the alternative, to Transfer or Stay ("Motion to Transfer") filed in the Maryland Action. In that Motion, Crump urges the U.S. District Court for the District of Maryland to dismiss

---

[1] See this Court's Sept. 14, 2004 Order in Red Coats, Inc. v. Barton Protective Services, LLC, No. 1:04-cv-2620-RWS, Dkt. [9] at 3-4, stating:
> The Court finds that Defendants have established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Defendant has presented the affidavit [of] an employee of Defendant. [The] affidavit sets forth specific clients which, since the termination of Mr. Carroll's employment, have notified Defendant that they will terminate their relationship with Defendant and move their business to Plaintiff. Defendants assert that these terminations are a direct consequence of Mr. Carroll's violations of the employment agreement with Defendant. The amount of business leaving Defendant in favor [of] Plaintiff, which amounts to almost $500,000 provides sufficient indicia for the Court to conclude that the monetary value of the object of the litigation from the plaintiff's perspective exceeds the jurisdictional amount.

Defendant in this action offers no similar evidence.

8

AR's action, or in the alternative to transfer that case to this Court under 28 U.S.C. § 1404(a). (Dkt. [12-1] at 12 of 36). AR argues that Plaintiffs in the Motion to Transfer have conceded that this Court has jurisdiction to hear the dispute between the parties and, therefore, acknowledges that the amount in controversy requirement is satisfied. The Court does not find that Plaintiffs have made any such concession. First, in the Maryland Action, RA does not merely seek declaratory or injunctive relief, but also seeks over $300,000 in monetary damages. Second, Crump's motion seeks consolidation of the actions in this Court only if this action has not been remanded to state court. (Id. at 22 of 36). If this action is remanded to state court, Crump's motion in the Maryland Action seeks a stay or dismissal of that action. The Court does not find that Plaintiff's Motion to Transfer is a concession that the jurisdictional amount has been met in this action, as that Motion is based upon this Court having jurisdiction over this action.

Finally, Defendant argues that an evidentiary hearing should be held to determine whether the jurisdictional amount is satisfied in this case. The Court does not find that such a hearing would be appropriate in this matter. Post-removal discovery by a removing defendant attempting to prove jurisdiction is disfavored. See Lowery, 483 F.3d at 1218 ("Post-removal discovery disrupts

9

the careful assignment of burdens and the delicate balance struck by the underlying rules.  A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery.  Doing so impermissibly lightens the defendant's burden of establishing jurisdiction.  A court should not participate in a one-sided subversion of the rules.").  The Court also does not find that oral argument is necessary on the Motion to Remand.  Therefore, Defendant's Request for Evidentiary Hearing or, in the alternative, for Oral Argument [14] is **DENIED**.  Defendant having failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000,  Plaintiffs' Motion to Remand [6] is **GRANTED**.

## Conclusion

For the aforementioned reasons, Plaintiffs' Motion to Remand [6] is **GRANTED**, Defendant's Motion for Leave to Supplement its Response to Plaintiffs' Motion to Remand [12] is **GRANTED**, Defendant's Request for Evidentiary Hearing or, in the alternative, for Oral Argument [14] is **DENIED**,

AO 72A
(Rev.8/82)

and Defendant's Motion to Dismiss [5] is **DENIED**, **as moot**.  The Clerk shall **REMAND** the case to the Superior Court of Fulton County, Georgia.

**SO ORDERED**, this  18th  day of January, 2011.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)